FILED

2015 Apr-16  PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |
|---|---|
| ) | |
| ) | |
| IN RE: COMMUNITY HEALTH ) | MASTER FILE NO. |
| SYSTEMS, INC., ) | 15-CV-222-KOB |
| CUSTOMER SECURITY DATA ) | |
| BREACH LITIGATION ) | |
| (MDL 2595) ) | THIS DOCUMENT RELATES TO ALL |
| ) | CASES. |
| ) | |
| ) | |

## CASE MANAGEMENT ORDER NO. 2

### I.  Leadership Appointments

In accordance with the court's direction in Case Management Order No. 1 (doc. 3),

counsel submitted requests for appointment to leadership positions, and the court reviewed those

requests.  As stated in the April 13, 2015 Order (doc. 12), the court appointed the following

attorneys to leadership positions:

Co-Lead Counsel for the Plaintiffs

Jeff Friedman
Friedman Dazzio Zulanas & Bowling PC
Birmingham, AL
(205) 278-7000
jfriedman@friedman-lawyers.com

Karen Riebel
Lockridge Grindal Nauen PLLP
Minneapolis, MN
(612) 339-6900
khriebel@locklaw.com

Local Liaison Counsel

Chris Hellums
Pittman Dutton & Hellums PC
Birmingham, AL
(205) 322-8880
PDH-efiling@pittmandutton.com

Richard Smith
Christian & Small LLP
Birmingham, AL
(205) 795-6588
resmith@csattorneys.com

The court finds, in its discretion, that counsel appointed to lead and local liaison roles are

qualified and responsible, and that they will fairly and adequately represent the interests of the

class.

At the Initial Status Conference, Co-Lead Counsel announced the following slate for

membership on the **Plaintiffs' Steering Committee** ("PSC"):

Co-Chairs of PSC**:**
Jeff Friedman
Karen Riebel

Members:

| | |
|---|---|
| Paula Knippa | Ari Scharg |
| Slack & Davis LLP | Edelson PC |
| Austin, TX | Chicago, IL |
| (512) 795-8686 | (312) 589-6370 |
| pknippa@slackdavis.com | ascharg@edelson.com |
| | |
| Gary Lynch | Gibson Vance |
| Carlson Lynch Sweet & Kilpela LLP | Beasley Allen Crow Methvin Portis & Miles |
| Pittsburg, PA | Montgomery, AL |
| (412) 322-9243 | (334) 269-2343 |
| glynch@carlsonlynch.com | gibson.vance@beasleyallen.com |
| | |
| Bob Methvin | Kirk Wood |
| McCallum Methvin & Terrell PC | Wood Law Firm LLC |
| Birmingham, AL | Birmingham, AL |
| (205) 939-0199 | (205) 612-0243 |
| rgm@mmlaw.net | ekirkwood1@bellsouth.net |
| | |
| Brian Penny | |
| Goldman Scarlato & Penny PC | |
| Wayne, PA | |
| (484) 342-0700 | |
| penny@lawgsp.com | |

Having found, in its discretion, that those on the slate are qualified and responsible and are best suited to fairly and adequately represent the interests of the class, the court **ORDERS** that the slate be appointed to the PSC.

Appointment to these leadership positions is of a personal nature.  Accordingly, other attorneys, including members of the appointee's law firm, may not substitute for the appointees to perform the functions of Co-Lead Counsel, Local Liaison Counsel, or PSC functions, except with the express, prior approval of the court.  Furthermore, any appointment to these leadership positions is for a one-year term from the date of this Order.  Appointees may reapply and be reappointed when their terms expire.  Their applications should detail the nature and scope of their work in their positions, including the time and resources expended during the prior term.

The court notes that CHSPSC is a Defendant in all of the MDL cases and that the other Defendants are identified in the pleadings as either its parent company or subsidiaries. Accordingly, the court does not set up a leadership structure for counsel of the Defendants, but, as noted above, the court has appointed as Local Liaison Counsel one of the counsel for Alabama-based CHSPSC subsidiaries.  At the hearing, CHSPSC announced that Daniel Warren of Baker & Hostetler in Cleveland, OH will serve as Lead Counsel for the defense.  His contact information is dwarren@bakerlaw.com, (216) 861-7145.

## II.   Duties of the Co-Lead Counsel, Plaintiffs' Steering Committee, and Local Liaison Counsel

### A. Co-Lead Counsel for the Plaintiffs

Co-Lead Counsel **SHALL** be charged with "communications between the [c]ourt and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), conveying meetings of counsel, advising parties of developments, and otherwise

assisting in the coordination of activities and positions." *Manual for Complex Litigation* (Fourth) § 10.221 (2005).

More specifically, Co-Lead Counsel for the Plaintiffs **SHALL** generally be responsible for coordinating the activities for the Plaintiffs' counsel during pretrial proceedings.  Those responsibilities include:

1. Determining and presenting to the court and opposing parties as spokespersons the position of the Plaintiffs on all matters arising during pretrial proceedings, including status and pretrial conferences and pre-trial/pre-certification motion practice.

2. Prosecuting the class allegations in this case, including compliance with Rule 23's requirements and analysis of any necessary sub-classes.

3. Directing, coordinating, and conducting discovery on behalf of Plaintiffs, including working with Defense Counsel to develop appropriate electronic discovery protocols, serving and responding to written discovery, and conducting the examination of deponents.   Co-Lead Counsel may expressly delegate that authority to other counsel.

4.  Consulting with and employing experts.

5. Providing general coordination of the activities of the Plaintiffs' counsel and delegating work responsibilities to selected counsel, in a manner to ensure the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort.

6. Calling or chairing meetings of the Plaintiffs' counsel as appropriate or necessary from time to time.

7. Having sole authority to communicate, initiate and conduct settlement and other negotiations, and enter stipulations with Defense counsel on behalf of all the Plaintiffs, unless

Co-Lead Counsel expressly delegate that authority to other counsel or unless the court approves formal Sub-classes with separate authority to do so.

8.  Preparing and filing appropriate motions, responses, and other written submissions.

9.  Performing such other duties as the court may expressly authorize.

10. Acting as Co-chairs of the PSC.

B.  Plaintiffs' Steering Committee

With the understanding that the scope of work required to prosecute this litigation on behalf of the putative class(es) is substantial, the court has also appointed a small number of lawyers to the PSC, who will report to Co-Lead Counsel, support them in the prosecution of this litigation, work with Local Liaison Counsel, and facilitate supervision of committees organized to perform common benefit work.  The court contemplates that the PSC will include additional attorneys to work on specific committees and work together in coordinating the work of those various committees. The polestar considerations in organizational structure must be efficiency, economy, teamwork, and quality of legal work, with inclusiveness as an additional important consideration.

C.  Local Liaison Counsel

Local Liaison Counsel will be responsible for serving as a point of contact for the court and Magistrate Judge and Special Master, if one is appointed, regarding all litigation in this court.

Local Liaison Counsel for the Plaintiffs SHALL coordinate between Co-Lead Counsel *and* the other Common Benefit Counsel, serving as local counsel for all Plaintiffs' Counsel groups.  In addition, Local Liaison Counsel for the Plaintiffs SHALL (along with any Special

5

Master, if one is appointed)  receive and review, or may expressly delegate a member of the PSC to receive and review, monthly time and expense reports of all attorneys on behalf of Plaintiffs, to determine if the time and expenses are being spent appropriately and for the benefit of the Plaintiffs.  A separate order will address billing procedures.

### III.  Unified Class Action Complaint

No later than **June 15, 2015,** Co-Lead Counsel **SHALL** file a unified class action complaint that for purposes of this MDL **SHALL** be the operative complaint and **SHALL** supersede all other complaints filed in any of the actions centralized in this MDL.

### IV.  Date of Next Status Conference

This matter is **SET** for a status conference on **Thursday, June 4, 2015 at 1:30 PM** at the Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama.  The conference will be held either in Courtroom 5A or the newly renovated courtroom on the 8th floor of the courthouse; counsel will receive notification regarding which courtroom at the end of May.

### V.  Actions To Be Performed Before the Next Status Conference

A.  Scheduling**:**  The PSC **SHALL** work with Defense Counsel to review the deadlines set out in the Preliminary Joint Report and prepare a proposed scheduling plan to be presented at the next meeting.

B.  Special Master:  The PSC **SHALL** consult with Defense Counsel and Local Liaison Counsel regarding whether to use a Special Master.

C.  MDL Website: The PSC **SHALL** consult with Defense Counsel and Local Liaison Counsel regarding whether a website would be beneficial in this case, and, if so, what information should be included on that website.

D.  Plaintiffs' Committee Structure:  The PSC **SHALL** establish a committee framework keeping in mind the considerations listed in II.B. above.

E.  Proposed Protective Order: The PSC **SHALL** consult with Defense Counsel and Local Liaison Counsel to prepare a proposed Protective Order, if necessary.

F.  Time and Billing: The PSC **SHALL** consult with Local Liaison Counsel to prepare proposed protocols and forms for time and billing.

G. JOINT Status Report:    The PSC, Defense Counsel, and Local Liaison Counsel **SHALL** submit to the court via email to bowdre_chambers@alnd.uscourts.gov on or before **noon on Tuesday, May 26, 2015,** a JOINT Status Report addressing the action items listed above and the status of the Unified Class Action Complaint, advising the court of any other matters arising during the interim, and proposing an Agenda for the **June 4, 2015** status conference.

## VI.  Stay

As announced at the Initial Status Conference, the stay shall remain in effect until two things occur: (1) the establishment of a leadership framework; and (2) the filing of the unified class action complaint.  The court will not address pending motions until the stay is lifted, and the court will then determine which motions remain viable and which are moot.

## VII. Magistrate Judge Resource

This court has agreed that a magistrate judge **SHALL** be available to the parties to assist in coordinating discovery efforts and mediate non-dispositive disputes that may arise from time

to time in this case.

DONE and ORDERED this 16th day of April, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE