FILED

2018 Dec-10  PM 09:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE COMMUNITY HEALTH SYSTEMS, INC., CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>(MDL 2595) | Master File No.<br><br>15-CV-222-KOB<br><br><br>This Document Relates to All Cases<br><br>Judge Karon O. Bowdre |

## SETTLEMENT AGREEMENT

This Settlement Agreement, dated as of December 10, 2018, is made and entered into by and among the following Settling Parties (as defined below): (i) William Lutz (the "Representative Plaintiff"), individually and on behalf of the Settlement Class (as defined below), by and through Karen Hanson Riebel and Jeffrey E. Friedman (together, "Proposed Class Counsel" or "Class Counsel"); and (ii) Community Health Systems Professional Services Corporation n/k/a CHSPSC, LLC ("CHSPSC"), by and through its counsel of record, lead counsel Daniel R. Warren of Baker & Hostetler LLP and Richard E. Smith of Christian & Small LLP.  The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## RECITALS

*Whereas*, CHSPSC is a limited liability company that provides certain business management and consulting services to affiliated hospitals and physician clinics located in many states;

*Whereas*, in July 2014, CHSPSC confirmed that its computer network system was the target of an external criminal-cyberattack in April and June 2014, which is believed to have been perpetrated by an Advanced Persistent Threat group originating from China (the "Incident" or the "Security Incident");

*Whereas*, since the time the Security Incident was first discovered CHSPSC worked closely with cybersecurity professionals engaged by counsel and federal law enforcement officials to identify the scope of the Incident and to remediate CHSPSC's computer network systems;

*Whereas*, during the forensic investigation CHSPSC learned that the data exfiltrated by the cyberattackers included personal information for patients of certain CHSPSC affiliated physician practices and clinics, including names, addresses, birthdates, social security numbers, and, in some instances, telephone numbers, and the names of employers and/or guarantors;

*Whereas*, on August 18, 2014, CHSPSC publicly announced the Security Incident and subsequently mailed individual notice regarding the Incident to affected patients;

*Whereas*, following public disclosure of the Incident plaintiffs filed numerous lawsuits against CHSPSC and affiliated entities over the Incident in both state and federal court, including *Lisa Maes, et al. v. Community Health Systems Professional Services Corporation, et al.,* No. 1:14-cv-01090 (D.N.M); *Denise B. Alverson et al. v. Community Health Systems Inc. et al.*, No. 2:14-cv-01620 (N.D. Ala.); *Braquelle Lawson et al. v. Community Health Systems Inc. et al.*, No. 3:14-cv-00712 (S.D. Miss.); *Briana Brito v. Community Health Systems Inc. et al.*, No. 1:14-cv-00929 (D.N.M); *Susan Roman v. Community Health Systems Inc. et al.*, No. 3:14-cv-01705 (M.D. Pa.); *Mary Martin Glah et al. v. Community Health Systems Inc. et al.*, No. 2:14-cv-25783 (S.D. W. Va.); *Ashley Veciana v. Community Health Systems, Inc., et al.*, No. 8:14-cv-02893-VMC-AEP (M.D.Fla.); *Jeremy L. Murphy v. Community Health Systems, Inc., et al.*, No. 3:15-cv-00031 (M.D.

Tenn.); *William Lutz v. Community Health Systems, Inc., et al.*, No. 2:14-cv-06433-RBS (E.D. Pa.);

*Whereas*, on February 4, 2015, the United States Judicial Panel on Multidistrict Litigation consolidated all pending and future federal court cases over the Security Incident for coordinated pretrial proceedings under 28 U.S.C. § 1407 in the Northern District of Alabama before the Honorable Karen O. Bowdre, captioned as *In Re: Community Health Systems, Inc. Customer Data Security Breach Litigation*, No. 15-cv-222 (N.D. Ala.);

*Whereas*, on June 29, 2015, numerous plaintiffs filed a Consolidated Class Action Complaint in the Multi-District Litigation proceeding, and on July 20, 2015, plaintiffs filed an Amended Consolidated Class Action Complaint (the "Amended Complaint");

*Whereas*, the Amended Complaint contained the claims of forty plaintiffs from twenty-four different states, asserting eleven causes of action under both state and federal law against defendants CHSPSC and its indirect parent company, Community Health Systems, Inc. ("CHSI"), a holding company that has no employees;

*Whereas*, on September 21, 2015, CHSPSC and CHSI filed motions to dismiss the Amended Complaint, arguing plaintiffs lacked standing to sue CHSPSC and CHSI over the cyberattack, the Court lacked personal jurisdiction over CHSI with respect to any action not filed in the State of Tennessee, and that the Amended Complaint failed to state a claim for which relief can be granted under Rule 12(b)(6);

*Whereas*, on February 10, 2016, the Court heard oral argument on CHSPSC and CHSI's motions to dismiss, and on February 17, 2016, issued a preliminary order granting the motions in part and denying the motions in part, and requesting additional briefing on plaintiffs' statutory standing under the federal Fair Credit Reporting Act and on state choice-of-law issues;

*Whereas*, on April 15, 2016, the Court again heard oral argument on CHSPSC's and CHSI's motions to dismiss to address the outstanding issues that remained on the motions;

*Whereas*, on September 12, 2016, the Court issued a comprehensive final order granting in part and denying in part CHSPSC's and CHSI's motions to dismiss, including ruling as follows:

(1) thirty of the forty named plaintiffs did not have constitutional standing to sue CHSPSC or CHSI over the cyberattack on CHSPSC's computer network systems; (2) the Court did not have personal jurisdiction over CHSI except with respect to complaints filed in Tennessee; and (3) the ten remaining plaintiffs had stated valid claims for relief against CHSPSC and CHSI under several different state common law theories of relief;

*Whereas*, on October 20, 2016, plaintiffs filed a motion for interlocutory appeal under 28 U.S.C. § 1292(b) with respect to certain aspects of the Court's jurisdictional rulings relating to standing of the individual named plaintiffs;

*Whereas*, on February 15, 2017, the Court denied plaintiffs' motion for interlocutory appeal without prejudice, allowing plaintiffs leave to file an amended motion for interlocutory appeal to re-frame the proposed questions on appeal;

*Whereas*, on March 15, 2017, plaintiffs filed an amended motion for interlocutory appeal, again raising questions regarding certain aspects of the Court's jurisdictional rulings;

*Whereas*, the Court denied the renewed motion for interlocutory appeal on May 19, 2017, following a case management conference;

*Whereas*, following the denial of plaintiffs' motion for interlocutory appeal, the parties engaged in discovery regarding the merits of plaintiffs' remaining common law claims while at the same time discussing a potential resolution of the Multi-District Litigation;

*Whereas*, over the course of numerous months the parties engaged in arm's length settlement negotiations among themselves, and on March 7, 2018, reached a preliminary agreement on terms for a nationwide class action settlement;

*Whereas*, this Agreement sets forth the final understanding of the parties regarding the settlement of the Multi-District Litigation proceedings against CHSPSC and CHSI over the cyberattack on CHSPSC's computer network systems;

*Whereas*, pursuant to these terms, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against CHSPSC and the Released Persons relating to the Security Incident, by and on behalf of the Representative Plaintiff

and Settlement Class Members, including any and all appellate rights, as well as any other such actions by and on behalf of any other consumers and putative classes of consumers originating, or that may originate, in jurisdictions in the United States against CHSPSC relating to the Security Incident (collectively, the "Litigation");

NOW, THEREFORE,  IT IS HEREBY STIPULATED AND AGREED,  by and  among Representative Plaintiff, individually and on behalf of the Settlement Class, Class Counsel, and CHSPSC that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except  those Settlement Class Members who properly opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

## I.    DEFINITIONS.

As used anywhere in the Settlement Agreement, including the Recitals, the following terms have the meanings specified below:

1.1     "Agreement" or "Settlement Agreement" means this agreement.

1.2     "Approved Claims" means Settlement Claims in an amount approved by the Claims Administrator, as set forth in this Agreement.

1.3     "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.

1.4     "Claims Administrator" means Epiq, an experienced class action claims administrator generally, and specifically those of the type provided for and made in data breach litigation, subject to Court approval.

1.5     "Claims Deadline" means the postmark deadline for valid claims pursuant to ¶ 2.1.

1.6     "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

1.7     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 9.1 herein have occurred and been met.

1.8     "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or incentive award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.9     "Judgment" means a judgment rendered by the Court, in the form attached hereto as Exhibit 1, or a judgment substantially similar to such form.

1.10    "Notice Specialist" means Cameron Azari of Epiq, a notice specialist with recognized expertise in class action notice generally and data security litigation specifically, subject to Court approval.

1.11    "Opt-Out Date" means the date by which Settlement Class Members must mail their requests to be excluded from the Settlement Class in order for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

1.12    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, agents and/or assignees.

1.13    "Personal Information" means information that is or could be used, whether on its own or in combination with other information, to identify, locate or contact a person, including, without limitation:  names, addresses, birthdates, social security numbers, telephone numbers, and the names of employers and/or guarantors.

1.14    "Plaintiffs' Counsel" means Class Counsel or Proposed Class Counsel and the other attorneys who have represented plaintiffs in the Multi-District Litigation.

1.15    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class.  The Settling Parties' proposed form of Preliminary Approval Order is attached as Exhibit 2.

1.16     "Class Counsel" or "Proposed Class Counsel" means Karen Hanson Riebel and Jeffrey E. Friedman.

1.17    "Related Entities" means CHSPSC's past or present parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of CHSPSC's and these entities' respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any individual who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads nolo contendere to any such charge.

1.18    "Released Claims" shall collectively mean any and all claims and causes of action including, without limitation, any causes of action for or under 18 U.S.C. § 2701 *et seq.*, and all similar statutes in effect in any states in the United States as defined herein; the Fair Credit Reporting Act, and all similar statutes in effect in any states in the United States as defined herein; State Consumer Laws, as alleged in ¶ 214 of the Amended Complaint, and all similar statutes in effect in any states in the United States as defined herein; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory

damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by or on behalf of any Representative Plaintiff or Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Security Incident and alleged theft of payment card data or other personal information or the allegations, facts, or circumstances described in the Litigation.  Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely and properly opted out of the Settlement Agreement and thus excluded themselves from the Settlement Class.

1.19   "Released Persons" means CHSPSC and its Related Entities, including, as set forth in ¶ 1.17, each of their past or present parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, representatives, attorneys, insurers, and reinsurers.

1.20   "Representative Plaintiff" means William Lutz.

1.21   As set forth in the Recitals, "Security Incident" or "Incident" means the cyberattack against CHSPSC's computer systems that was publicly disclosed on August 18, 2014, as further described in the Recitals;

1.22   "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.23   "Settlement Class" means: All residents of the United States whose Personal Information was affected during the cyberattack on CHSPSC's computer network systems that was publicly announced on August 18, 2014.

1.24   "Settlement Class Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

1.25   "Settling Parties" means, collectively, CHSPSC and the Representative Plaintiff, individually and on behalf of the Settlement Class.

1.26    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any of the Representative Plaintiff, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Representative Plaintiff expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members, including the Representative Plaintiff, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiff expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and  released  any  and  all Released  Claims.  The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.27   "United States" as used in this Settlement Agreement includes the District of Columbia and all territories.

## II.   MONETARY RELIEF.

2.1   <u>Response Expense Reimbursement Claim</u>.  All Settlement Class Members who submit a valid claim using the form attached as Exhibit 3 to this Settlement Agreement ("Claim Form") are eligible to receive reimbursement for the following out-of-pocket expenses incurred in response to notice of the Security Incident, in an amount not to exceed $250.00 per Settlement Class Member: (i) the costs of credit monitoring and identity theft protection services purchased by Settlement Class Members between August 18, 2014, and the Claims Deadline, where there is an affirmative statement by the Settlement Class Member that the monitoring or service was purchased primarily because of the Security Incident and not for other purposes, and with proof of purchase; (ii) up to five hours of documented lost time spent dealing with the Security Incident or identity fraud allegedly resulting from the Security Incident calculated at the rate of $15.00 per hour, but only if at least one full hour was spent, and only if the time can be documented with reasonable specificity by answering the questions on the Claim Form; (iii) the costs of credit report(s) purchased by Settlement Class Members between August 18, 2014, and the Claims Deadline, with an affirmative statement by Settlement Class Member that the credit report(s) was purchased primarily because of the Security  Incident; and (iv) other incidental expenses attributable to the Security Incident, including, by way of example, payments for credit freezes, unreimbursed overdraft fees, unreimbursed charges related to unavailability of funds, unreimbursed late fees, long distance telephone charges, cell phone minutes (if charged by minute), Internet usage charges (if charged by the minute) and text messages (if charged by the message), where there is an affirmative statement by Settlement Class Member that these incidental expenses were primarily incurred because of the Security  Incident.

Settlement Class Members seeking reimbursement under this ¶ 2.1 must complete and submit a written Claim Form to the Claims Administrator, postmarked on or before the Claims Deadline, which shall be the 180th day after the deadline for the completion of notice to Settlement

Class Members set forth in ¶ 3.3.  The Claim Form must be verified by the Settlement Class Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief, and is being made under penalty of perjury.  Notarization shall not be required.  The Settlement Class Member must submit reasonable documentation that the out-of-pocket expenses and charges claimed were both primarily incurred because of, and plausibly arose from, the Security Incident.  Failure to provide supporting documentation as requested on the Claim Form shall result in denial of a claim.  Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.3.

2.2    _Fraud Loss Reimbursement Claim_.  All Settlement Class Members who submit a valid claim using the Claim Form shall also be eligible to receive reimbursement for monetary out-of-pocket losses attributable to actual identity fraud and/or identity theft that are claimed by the Settlement Class Member to have occurred as a result of the Security Incident, in an amount not to exceed $5,000.00 per Settlement Class Member, subject to the following conditions: (a) the actual identity fraud and/or identity theft is an actual, documented, and unreimbursed monetary loss; (b) the actual identity fraud and/or identity theft was more likely than not caused by the Security Incident; (c) the actual identity fraud and/or identity theft occurred during the time period from April 1, 2014, through and including the end of the applicable claims period (_see ¶_ 2.2.2, _infra_)_;_ (d) is not already covered by one or more of the categories in ¶ 2.1; and (e) the claimant made reasonable efforts to avoid or seek reimbursement for the loss including but not limited to exhaustion of all credit monitoring insurance and identity theft insurance in place at the time of the Security Incident, as required under ¶ 2.2.2.  Settlement Class Members with claims under this paragraph may also submit claims for reimbursement benefits under ¶ 2.1.

2.2.1    Claimants seeking reimbursement for expenses or losses described in ¶ 2.2 must complete and submit the appropriate section of the Claim Form to the Claims Administrator, together with proof of such losses, postmarked on or before the Claims Deadline.

2.2.2    Claimants must exhaust all credit monitoring insurance and identity theft insurance in place at the time of the Security Incident before CHSPSC is responsible for any

expenses claimed pursuant to ¶ 2.2 of this Settlement Agreement.  Nothing in this Settlement Agreement shall be construed to provide for a double payment for the same loss or injury that was reimbursed or compensated by any other source.  To be valid, claims for fraud loss reimbursement must be complete and submitted to the Claims Administrator on or before the Claims Deadline. No payment shall be made for emotional distress, personal/bodily injury, or punitive damages.  For claims in excess of $200.00, the Settlement Administrator may request, and the claimant must disclose upon request, each other notice of a breach of their payment card data or other personal information they received in the three-year period that preceded the date of their claim hereunder; if the claimant has received no such notice, the claimant must so state.

> 2.3    Claims Administration & Resolution.

> 2.3.1    The Claims Administrator, in its sole discretion to be reasonably exercised but consistent with ¶ 2.2.2, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the expenses described in ¶ 2.1 or ¶ 2.2; and (3) the information submitted could lead a reasonable person to conclude, for a claim submitted under ¶ 2.1, that the alleged expense plausibly arose from the Security Incident, and, for a claim submitted under ¶ 2.2, that the fraudulent loss more likely than not occurred as a result of the Security Incident (collectively, "Facially Valid").  The Claims Administrator may, at any time, request from the claimant in writing additional information ("Claim Supplementation") as the Claims Administrator may reasonably require in order to evaluate the claim, *e.g.*, documentation requested on the Claim Form, information regarding the claimed losses, available insurance and the status of any claims made for benefits, and claims previously made for identity theft and the resolution thereof.

> 2.3.2    Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is Facially Valid, the Claims Administrator shall request additional information ("Claim Supplementation") and give the claimant 30 days to cure the defect before rejecting the claim.  Requests for Claim

Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes latest.  In the event of unusual circumstances interfering with compliance during the 30-day period, the claimant may request and, for good cause shown (e.g., illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the 30-day deadline in which to comply; however, in no event shall the deadline be extended to later than one year from the Effective Date.  If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

   2.3.3 Following receipt of additional information requested as Claim Supplementation, the Claims Administrator shall have thirty (30) days to accept, in whole or lesser amount, or reject each claim.  If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is Facially Valid, either in whole or in part, then the claim shall be paid in accordance with ¶¶ 8.1-8.2, to the extent that the Claims Administrator finds the claim to be valid.  If the claim is not Facially Valid because the claimant has not provided all information needed to complete the Claim Form and evaluate the claim, then the Settlement Administrator may reject the claim without any further action, subject to the provisions of ¶ 2.3.2.

   2.3.4 Settlement Class Members shall have thirty (30) days from receipt of the offer to accept or reject any offer of partial payment received from the Claims Administrator.  If a Settlement Class Member rejects an offer from the Claims Administrator, the Claims Administrator shall have fifteen (15) days to reconsider its initial adjustment amount and make a final determination.  If the final determination is approved by the claimant, then the approved amount shall be the amount to be paid.

  2.4 <u>Aggregate Cap on Claims.</u>  The aggregate amount of claims reimbursement under ¶¶ 2.1-2.3 above for which CHSPSC shall be responsible to pay shall be capped at $3,100,000.00. If the total amount of Facially Valid claims submitted under paragraphs 2.1-2.3 above exceed the

$3,100,000.00 cap, each individual claim amount shall be reduced in a pro rata amount so that the aggregate claims reimbursement is exactly $3,100,000.00.

      2.5    <u>Settlement Class Certification.</u>  The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class.  If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue.  The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

      2.6    <u>Confidentiality of Information Submitted by Settlement Class Members</u>. Information submitted by Settlement Class Members pursuant to ¶¶ 2.1 through 2.3 of this Settlement Agreement shall be deemed confidential and protected as such by CHSPSC and the Claims Administrator.

      2.7    <u>Confirmatory Discovery</u>.  CHSPSC confirms that steps were taken in response to the Security Incident and that the Representative Plaintiff shall be entitled to take confirmatory discovery or request reasonable confirmatory declarations with respect to this statement. Confirmatory discovery or reasonable confirmatory declarations also may be requested as to the size of the Settlement Class as defined in ¶ 1.23.

**III.**    **ORDER OF PRELIMINARY APPROVAL AND PUBLISHING OF NOTICE OF FAIRNESS HEARING.**

      3.1    As soon as practicable after the execution of the Settlement Agreement, Class Counsel and counsel for CHSPSC shall jointly submit this Settlement Agreement to the Court and file a motion for preliminary approval of the settlement with the Court requesting entry of a

Preliminary Approval Order in the form attached hereto as Exhibit 2, or an order substantially similar to such form in both terms and cost, requesting, *inter alia:*

  (a)  certification of the Settlement Class for settlement purposes only;

  (b)  preliminary approval of the Settlement Agreement as set forth herein;

  (c)  appointment of proposed Class Counsel as Settlement Class Counsel;

  (d)  appointment of the Representative Plaintiff as class representative;

  (e)  approval of a form of notice, which includes a notice to be individually mailed to the Settlement Class Members in a form substantially similar to the one attached hereto as Exhibit 4, as well as a detailed long form notice attached hereto as Exhibit 5 that will be posted on the website addressed in ¶ 3.3;

  (f)  appointment of Cameron Azari as Notice Specialist or such other Notice Specialist as jointly agreed to by the Settling Parties;

  (g)  appointment of Epiq as Claims Administrator, or such other provider of claims administrative service, as may be jointly agreed to by the Settling Parties; and

  (h)  approval of a Claim Form substantially similar to that attached hereto as Exhibit 3.  *See* ¶¶ 2.1 and 2.2 above.

The Notice and Claim Form shall be reviewed by the Notice Specialist and Claims Administrator and may be revised as agreed upon by the Settling Parties prior to such submission to the Court for approval.

3.2    CHSPSC shall pay for providing notice to the Settlement Class in accordance with the Preliminary Approval Order, and the costs of such notice, together with the Costs of Claims Administration.  Attorneys' fees, costs, and expenses of Class Counsel, and incentive awards to the Representative Plaintiff, shall be paid by CHSPSC as set forth in paragraph 7 below.  Notice shall be provided to Settlement Class Members via the physical addresses for class members that CHSPSC has in its records.  The notice plan shall be subject to approval by the Court as meeting constitutional due process requirements.

3.3     The Claims Administrator shall establish a dedicated settlement website and shall maintain and update the website throughout the claim period, with the Notice Form and Claim Form approved by the Court, as well as this Settlement Agreement.  A toll-free help line staffed with a reasonable number of live operators shall be made available to address Settlement Class Members' inquiries.  The Claims Administrator also will provide copies of the forms of the Notice and Claim Form approved by the Court, as well as this Settlement Agreement, to Settlement Class Members upon request.  Prior to the Final Fairness Hearing, Proposed Class Counsel and CHSPSC shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice.  The Notice and Claim Form approved by the Court may be adjusted by the Notice Specialist and/or Claims Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and necessary and not inconsistent with such approval.  The Notice Program shall commence within thirty (30) days of the Preliminary Approval Order, and the initial mailings of the individual settlement notice shall be completed within 45 days of the Preliminary Approval Order.

3.4     Proposed Class Counsel and CHSPSC's counsel shall request that the Court hold a hearing and grant final approval of the settlement set forth herein (the "Final Fairness Hearing") on a date after notice and opt out procedures are substantially completed and, pursuant to 28 U.S.C. § 1715(b) & (d), no earlier than 100 days after the Settlement Agreement was filed with the Court.

## IV.    OPT-OUT PROCEDURES.

4.1     Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator.  The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class.  To be effective, written notice must be postmarked no later than one hundred twenty (120) days after the date on which the Notice Program commences pursuant to ¶ 3.3.

4.2     All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive

any benefits of and/or be bound by the terms of this Settlement Agreement.  All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3     In the event that within ten (10) days after the Opt-Out Date as approved by the Court, that there have been Opt-Outs (exclusions) totaling more than five-hundred individuals, CHSPSC may void this Settlement Agreement by notifying Proposed Class Counsel in writing.  If CHSPSC voids the Settlement Agreement pursuant to this paragraph, CHSPSC shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Proposed Class Counsel and Plaintiffs' Counsel and incentive award to the Representative Plaintiff and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

## V.     OBJECTION PROCEDURES.

5.1     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection.  Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of settlement notice, copy of original notice of the Security Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector, if any; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing, if any; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection, if any; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation), if any; (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed

an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative.  To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court no later than one hundred twenty (120) days from the date on which the Notice Program commences pursuant to ¶ 3.3, and served concurrently therewith upon Proposed Co-Lead Settlement Class Counsel, Karen Hanson Riebel, Lockridge Grindal Nauen P.L.L.P., 100 Washington Ave. S., Suite 2200, Minneapolis, Minnesota, 55401; and counsel for CHSPSC, David A. Carney, Baker & Hostetler LLP, 127 Public Square, Suite 2000, Cleveland, Ohio, 44114.

5.2     Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.  The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1.  Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**VI.   RELEASE.**

6.1     Upon the Effective Date, each Settlement Class Member, including the Representative Plaintiff, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against all Released Persons, as defined in ¶¶ 1.17-1.19 and 1.26.  Further, upon the Effective Date,  and  to the fullest extent permitted by law, each Settlement Class Member, including the Representative Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the

general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any Released Claim(s) is/are asserted.

## VII.    PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES, COSTS, AND EXPENSES; INCENTIVE AWARD TO REPRESENTATIVE PLAINTIFF.

7.1    The Settling Parties did not negotiate the payment of the Representative Plaintiff's attorneys' fees, costs and expenses, as provided for in ¶ 7.2, until after the substantive material terms of the settlement had been agreed upon, other than that CHSPSC would pay reasonable attorneys' fees, costs, and expenses as may be agreed to by CHSPSC and Class Counsel and/or as ordered by the Court, or in the event of no agreement, then as ordered by the Court.

7.2    Plaintiffs' Counsel has agreed to request the total amount of $900,000.00 from the Court for their attorneys' fees, reasonable costs and expenses of all cases against CHSPSC that they have pursued over the Security Incident.  CHSPSC agrees not to object to this request, and to pay the amount the Court awards to Class Counsel for their attorneys' fees, reasonable costs and expenses, up to and including $900,000.00, and no more than that amount.  Class Counsel, in their sole discretion, shall allocate and distribute the amount of attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' Counsel.

7.3    Subject to Court approval, CHSPSC has also agreed to pay an incentive award in the amount of $3,500.00 to the Representative Plaintiff.

7.4    Within fifteen (15) business days after the Effective Date, CHSPSC shall pay the attorneys' fees, costs, expenses, and any incentive award to the Representative Plaintiff, as set forth above in ¶¶ 7.2 and 7.3, to an account established by Proposed Settlement Class Counsel. Proposed Settlement Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among Plaintiffs' Counsel and incentive award to the Representative Plaintiff consistent with ¶¶ 7.2 and 7.3.

7.5    The amount(s) of any award of attorneys' fees, costs, and expenses, and the incentive award to the Representative Plaintiff, are intended to be considered by the Court

separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement.  No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or incentive award ordered by the Court to Proposed Settlement Class Counsel or the Representative Plaintiff shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## VIII.   ADMINISTRATION OF CLAIMS.

8.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶ 2.  Proposed Class Counsel and CHSPSC shall be given reports as to both claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate.  The Claims Administrator's determination of the validity or invalidity of any such claims shall be binding, subject to the dispute resolution process set forth in ¶ 2.3.  All claims agreed to be paid in full or in part by CHSPSC shall be deemed valid up to the amount paid.

8.2     Checks for approved claims shall be mailed and postmarked after the Effective Date and within sixty (60) days of the Effective Date and/or thirty (30) days of the date that the claim is approved, whichever is latest.

8.3     All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4     No Person shall have any claim against the Claims Administrator, CHSPSC, Proposed Class Counsel, Plaintiffs' Counsel, CHSPSC's counsel, and/or the Representative Plaintiff based on distributions of benefits to Settlement Class Members.

**IX.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION.**

9.1     The Effective Date of the settlement shall be the date on which the last of the following events occurs:

(a)     the Court has entered the Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing, as required by ¶ 3.1;

(b)     CHSPSC has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 4.3 and the time for CHSPSC to do so has elapsed;

(c)     the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

(d)     the Judgment has become Final, as defined in ¶ 1.8.

9.2     If all of the conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.4 unless Proposed Class Counsel and CHSPSC's counsel mutually agree in writing to proceed with the Settlement Agreement.

9.3     Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Proposed Class Counsel and to CHSPSC's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

9.4     In the event that the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (a) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (b) the terms and provisions of the Settlement Agreement and statements made in connection with seeking approval of the Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*  Notwithstanding any statement in this Settlement Agreement to the contrary, no

order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or incentive awards shall constitute grounds for cancellation or termination of the Settlement Agreement.   Further, notwithstanding any statement in this Settlement Agreement to the contrary, CHSPSC shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class and Claims Administration and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

## X.   MISCELLANEOUS PROVISIONS.

10.1    The Settling Parties (i) acknowledge that it is their intent to consummate this Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

10.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.   The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.   The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.   The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

10.3    Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.   Any of the Released Persons

may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.5    The Settlement Agreement, together with the Exhibits attached hereto, constitutes the entire agreement among the parties hereto, and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement other than the representations, warranties and covenants contained and memorialized in such document.  Except as otherwise provided herein, each party shall bear its own costs.  This agreement supersedes all previous agreements made by the parties.

10.6    Proposed Class Counsel, on behalf of the Settlement Class, is expressly authorized by the Representative Plaintiff to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.7    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.8    The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

10.9    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.10   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the

Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

10.11   The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Tennessee, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Tennessee without giving effect to choice of law principles.

10.12   As used herein, "he" means "he, she, they, or it;" "his" means "his, hers, theirs, or its," and "him" means "him, her, their, or it.''

10.13   All dollar amounts are in United States dollars (USD).

10.14   Cashing a settlement check is a condition precedent to any Settlement Class Member's right to receive settlement benefits.  All settlement checks shall be void one hundred twenty (120) days after issuance and shall bear the language: "This check must be cashed within 120 days, after which time it is void."  If a check becomes void, the Settlement Class Member shall have until one hundred eighty (180) days after the Effective Date to request re-issuance.  If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and CHSPSC shall have no obligation to make payments to the Settlement Class Member for expense reimbursement under ¶ 2.1 or ¶ 2.2 or any other type of monetary relief.  The same provisions shall apply to any re-issued check.  For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks become void.

10.15   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

Representative Plaintiff and Class Counsel

Counsel for CHSPSC and Duly Authorized Signatory

Dated: 12 / 10 , 2018

By:

Dated: _____, 2018

By:

Dated: 1 2 / 10 , 2018

By:

Dated: _____, 2018

By:

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

Representative Plaintiff and Class Counsel

Counsel for CHSPSC and Duly Authorized Signatory

Dated: _____, 2018

By:

Dated: _12/10/18_____, 2018

By: Tom Aaron, CFO

Dated: _____, 2018

By:

Dated: _December 7___, 2018

By: David Carney, Partner

25

# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE:  COMMUNITY HEALTH SYSTEMS, INC., CUSTOMER SECURITY DATA BREACH LITIGATION (MDL 2595) | ) ) ) ) ) ) ) ) ) ) ) | MASTER FILE NO. 15-CV-222-KOB<br><br>This document relates to all cases. |

## [PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, this matter has come before the Court pursuant to the Plaintiffs' Motion for Order and Judgment Granting Final Approval of Class Action Settlement (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over the Action;

WHEREAS, on December __, 2018, the Court granted the Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (the "Preliminary Approval Order") [ECF No.__];

WHEREAS, the Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes only;

WHEREAS, the Court held a hearing on _____, 2019 to consider the fairness, reasonableness and adequacy of the Settlement, and has been advised of all objections to the Settlement and has given fair consideration to such objections;

WHEREAS, the Court has considered (1) the Motion, (2) the Stipulation and Agreement of Settlement dated as of  December 10, 2018 ("Settlement Agreement"), and the Exhibits thereto, and (3) the objections to the Settlement, if any;

WHEREAS, the Court is otherwise fully advised and has considered the record of these proceedings and the applicable law;

**IT IS HEREBY ORDERED THAT:**

**I.      Final Approval of the Settlement Agreement**

A.      Unless otherwise provided herein, the terms used in this Order and Judgment are defined in accordance with the definitions of such terms set forth in the Settlement Agreement.

B.      The terms of the Settlement Agreement are approved.  The Settlement is in all respects fair, reasonable, adequate and proper, and in the best interest of the Settlement Class.  In reaching this conclusion, the Court has considered the factors set forth in Fed. R. Civ. P. 23(e)(2) as follows: (1) the Class Representative and Class Counsel have adequately represented the Class; (2) the Settlement was

negotiated at arm's length; (3) the relief provided for the Class is adequate; and (4) the Settlement treats Class Members equitably relative to each other.

D.     The Court finds that there is no just reason for delay in entering the Final Order and Judgment Approving Settlement pursuant to Fed. R. Civ. P. 23(e), because (1) delay would not be in the best interests of the Settlement Class members, who will be able to receive Awards shortly after entry of the Final Order and Judgment Approving Settlement; and (2) judicial economy and administration would be served by the efficient resolution of the claims of Settlement Class members by means of the Settlement.

## II.     Class Certification

A.     The Court preliminarily certified the following Settlement Class in the Preliminary Approval Order:  All residents of the United States whose Personal Information was affected during the cyberattack on CHSPSC's computer network systems that was publicly announced on August 18, 2014.

B.     The Court finds that, for purposes of settlement of the Action only, the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, in that (1) questions of fact and/or law common to Settlement Class members predominate over any questions affecting only individual Settlement Class members, and (2) a class action is superior to other available methods for fairly and efficiently adjudicating the dispute.  The Parties' ability to resolve the Action on terms

applicable to all Settlement Class members establishes the predominance of

common legal and factual questions for purposes of the Settlement.  Moreover, a

class action is the superior means of resolving the dispute because individual

Settlement Class members have demonstrated no interest in prosecuting separate

actions, and the cost of litigation far outpaces any individual recovery available to

any Settlement Class member.

C.     The Court therefore certifies, for settlement purposes only, the

Settlement Class as defined in Section II(A) of this Order.

### III.   Notice

A.     The Court finds that the Notice Program: (1) satisfied the

requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process; (2) was the best

practicable notice under the circumstances; (3) reasonably apprised Settlement

Class members of the pendency of the Action and their right to object to the

settlement or opt-out of the Settlement Class; and (4) was reasonable and

constituted due, adequate and sufficient notice to all persons entitled to receive

notice.

B.     The Court further finds, pursuant to Fed. R. Civ. P. 23(c)(2)(B) that

the Class Notice adequately informed Settlement Class members of their rights

with respect to the Action.

## IV.   Dismissal with Prejudice

The Court hereby enters a judgment of dismissal of the Complaint in the

Action with prejudice and without costs (except as specified herein), pursuant to

Fed. R. Civ. P. 54.

## V.   Attorneys' Fees and Expenses and Incentive Awards

A.   The Court hereby grants Class Counsel's application for an award of

reasonable attorneys' fees and reimbursement of expenses in the amount of Nine

hundred thousand dollars ($900,000.00), to be paid by Community Health Systems

Professional Services Corporation n/k/a CHSPSC, LLC in accordance with the

terms of the Settlement Agreement.

B.   The Court further grants Class Counsel's application for an Incentive

Award, in the amount of three thousand five hundred dollars ($3,500.00) to be paid

to William Lutz by Community Health Systems Professional Services Corporation

n/k/a CHSPSC, LLC in accordance with terms of the Settlement Agreement.

## VI.   Releases

A.   The Court finds that, pursuant ¶ 6.1 of the Settlement Agreement,

each Settlement Class Member who does not timely opt-out of the Settlement shall

be deemed to have released and forever discharged each Released Person of and

from liability for any and all Released Claims as defined in ¶¶ 1.18 and 1.26 of the

Settlement Agreement.

## VII.  Opt-Outs

A list of those members of the Settlement Class who have timely and validly elected to opt-out of the Settlement Class, if any, and who therefore are not bound by the Settlement, the provisions of the Settlement Agreement, and this Order and Judgment, has been submitted to the Court and is attached to this Order and Judgment as Exhibit A and incorporated herein by reference.  All other Settlement Class members (as finally certified by this Order and Judgment) shall be subject to all of the provisions of the Settlement Agreement and this Order and Judgment.

## VIII.  Continuing Jurisdiction

Without in any way affecting the finality of this Order and Judgment, the Court hereby retains jurisdiction over the Parties to the Settlement, including all Settlement Class members, to construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the Parties.

**DONE and ORDERED this ____ day of _____, 2019**

Dated: _____, 2019        _____
                               KAREN OWEN BOWDRE
                               CHIEF UNITED STATES DISTRICT JUDGE

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

IN RE:  COMMUNITY HEALTH SYSTEMS, INC., CUSTOMER SECURITY DATA BREACH LITIGATION (MDL 2595)

)
)
)
)
)
)
)
)
)
)
)
)

MASTER FILE NO.
15-CV-222-KOB

This document relates to all cases.

**[PROPOSED] ORDER FOR MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF
SETTLEMENT CLASS**

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class. Plaintiffs, individually and on behalf of the proposed settlement class, have entered into a Settlement Agreement with Defendants Community Health Systems Professional Services Corporation n/k/a CHSPSC, LLC that resolves all claims against CHSPSC and Community Health Systems, Inc. (collectively "CHS").  The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement, and the file, hereby:

**ORDERS AND ADJUDGES:**

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2.     The Court has jurisdiction over this multidistrict litigation, all actions transferred to, filed in, or otherwise coordinated as part of this multidistrict litigation, Plaintiffs, Defendants, and Settlement Class Members, and any party to any agreement that is a part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3.     Upon review of the record, the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of counsel, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved.  The Court finds that the Settlement encompassed by the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that Notice of the Settlement should be given.

4.     The Court therefore GRANTS preliminary approval of the Settlement and all of the terms and conditions contained in the Settlement Agreement.

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

5.     Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined as follows:

> All residents of the United States whose Personal Information was affected during the cyberattack on CHSPSC's computer network systems that was publicly announced on August 18, 2014.

6.     The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): the Settlement Class is comprised of approximately several million individuals; there are questions of law or fact common to the Settlement Class; the Settlement Class Representative's claims are typical of those of Settlement Class Members; and the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class.

7.     The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3): the questions of law or fact common to the Settlement Class predominate over individual questions, class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy, and Defendants have acted or refused to act on grounds that apply generally to the Settlement Class.

8.     The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(e)(2) : the class representatives and class counsel have adequately represented the class; the proposal was negotiated

at arm's length; the relief provided for the class is adequate; and the proposal treats class members equitably relative to each other.

9.   The Court hereby appoints William Lutz as Settlement Class Representative.

10.   The Court hereby appoints Co-Lead Counsel Karen Riebel and Jeff Friedman as Settlement Class Counsel.

## NOTICE & ADMINISTRATION

11.   Pursuant to the Settlement Agreement, the Parties have designated Epiq as the Claims Administrator and Cameron Azari as the Notice Specialist.  The Court hereby approves and appoints the Claims Administrator and Notice Specialist.  The Claims Administrator and Notice Specialist shall perform all of the duties of the Claims Administrator and Notice Specialist set forth in the Settlement Agreement.

12.   The Court finds that the Notice and notice plan set forth in the Settlement Agreement satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances. The Notice and notice plan are reasonably calculated to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Fairness Hearing. The Court therefore approves

the Notice and notice plan and directs the parties and the Claims Administrator and Notice Specialist proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

13.    Under the terms of the Settlement Agreement, the Claims Administrator and Notice Specialist shall disseminate the Notice and begin to implement the notice plan on or before [DATE that is 30 days after the date of this Preliminary Approval Order].

14.    The Court also approves the Claim Form, as well as the procedures for claims outlined in the Settlement Agreement.

## EXCLUSION and OBJECTIONS

15.    Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class individually may do so by submitting a written notice of such intent to the designated Post Office box established by the Claims Administrator postmarked no later than [DATE] (120 calendar days after [DATE in PARAGRAPH 13]).

16.    All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

17.    Settlement Class Members who wish to object to the Settlement may do so by submitting a written objection to the designated Post Office box established

by the Claims Administrator postmarked no later than [DATE] (120 calendar days after [DATE in PARAGRAPH 13]).  Any Settlement Class Member wishing to comment on or object to the Settlement Agreement shall mail such comment or objection in writing to the Settlement Administrator, as set forth in the Notice.

18.    The written objection must contain the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of settlement notice, copy of original notice of the Security Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector, if any; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing, if any; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection, if any; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation), if any; (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement

within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative.

19.    Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Notice and Settlement Agreement, shall be deemed to have waived and forfeited any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.

## FINAL FAIRNESS HEARING

20.    The Court will hold a Final Fairness Hearing on [DATE] at [TIME] in the 8th Floor Courtroom, Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, AL 35203.

21.    At the Final Fairness Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) a final judgment should be entered; (d) Class Counsel's motion

for attorneys' fees and costs should be granted; and (e) the Service Payment sought for the Settlement Class Representative should be awarded.

22.    The Court reserves the right to continue the date of the Final Fairness Hearing without further notice to Settlement Class Members.

### DEADLINES, INJUNCTION & TERMINATION

| Event | Date |
|---|---|
| Notice of Class Action Settlement Completed as per Notice Plan | [DATE] (45 calendar days after this Preliminary Approval Order) |
| Class Counsel Motion for Attorneys' Fees and Costs | [DATE] (7 calendar days before the Final Fairness Hearing) |
| Motion for Final Approval | [DATE] (7 calendar days before the Final Fairness Hearing) |
| Opt-Out and Objection Deadline | [DATE] (120 calendar days after [DATE in PARAGRAPH 13]) |
| Final Fairness Hearing | [DATE after Opt-Out and Objection Deadline and No Earlier than 100 days after December 10, 2018] |

23.    All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are hereby stayed and suspended until further order of the Court.

24.    All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

25.    In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in any

Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in any Action or other proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any Released Claim or the propriety of certifying any class against Defendants, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Actions or the availability or lack of availability of any defense to the Released Claims.

26.     For the reasons discussed above, the Court GRANTS Plaintiffs' Motion for Preliminary Approval.

**DONE and ORDERED this _____ day of _____, 2018**

Dated: _____, 2018           _____
                                   KAREN OWEN BOWDRE
                                   CHIEF UNITED STATES DISTRICT
                                   JUDGE

# Exhibit 3

*In re Community Health Systems, Inc.,*
Case No. 15-CV-222-KOB

# CLAIM FORM

ATTENTION: This Claim Form is to be used to apply for benefits from the Settlement of a lawsuit with Community Health Systems Professional Services Corporation n/k/a CHSPSC, LLC ("CHSPSC") as a result of an external criminal-cyberattack on CHSPSC's computer network in April and June 2014, publicly announced on August 18, 2014 (the "Security Incident"). To recover as part of this Settlement, you *must* provide the information requested in this Claim Form for each applicable claim. PLEASE BE ADVISED that any documentation you provide must be submitted with this Claim Form.

**You may submit claims in each applicable category from Claims A and B below**:

(A) Response Expense Reimbursement Claim

> I.   The costs of credit monitoring and identity theft protection services you purchased

> II.  Hours of documented lost time spent dealing with the Security Incident or alleged identity fraud that resulted from the Security Incident calculated at the rate of $15.00 per hour

> III. The costs of credit report(s) you purchased

> IV.  Other incidental expenses attributable to the Security Incident, as further described below

(B) Fraud Loss Reimbursement Claim

> I.   Documented unreimbursed monetary loss attributable to actual identity fraud or identity theft that occurred as a result of the Security Incident

If you wish to submit a claim for a settlement payment electronically, you may go online to the Settlement Website, www.XXXXXXXXXXXXXXXXXXX.com, and follow the instructions on the "Submit a Claim" page.

If you wish to submit a claim for a settlement payment via standard mail, you need to provide the information requested below and mail this Claim Form to CHSPSC Settlement Administrator, PO Box XXXXX, City, State XXXXX-XXXX, postmarked by **Month Day, 2019**. Please print clearly in blue or black ink.

1. **General Information**

*Required Information:*

First Name: _____ MI: _____ Last Name: _____

Current Address : _____

City: _____ State: _____ ZIP: _____

Country: _____ Phone: _____

*Optional Information:*

Email: _____

Claim/Unique ID  (Located on your notice letter.)

_ _ _ _ _ _ _ _ _ _

2. **Claim Information**

**Claim A: Response Expense Reimbursement Claim**

I.    To obtain reimbursement under this category, you must attest to the following:

☐ I purchased credit monitoring and/or identity theft protection services between August 18, 2014 and ==Month Day, 2019== (the Claims Deadline), primarily due to the Security Incident and not for other purposes.

Total amount for this category: $_____

Examples: The cost of identity theft insurance, or credit monitoring service(s) that you purchased after hearing about the Security Incident.

**Required: Attach a copy of a receipt or other proof of purchase for each product purchased (you may redact unrelated transactions).**

II.    You may also claim additional compensation for up to five hours of documented lost time spent dealing with issues related to the Security Incident or alleged identity fraud caused by the Security Incident calculated at the rate of $15.00 per hour, but only if at least one full hour was spent.

How many hours did you spend in total dealing with issues relating to the Security Incident or alleged identity fraud?

Total number of hours claimed in Claim A (1-5): _____

III.    To obtain reimbursement under this category, you must attest to the following:

☐ I purchased credit reports between August 18, 2014 and ==Month Day, 2019== (the Claims Deadline), primarily due to the Security Incident and not for other purposes.

Total amount for this category: $_____

Examples: The cost of a credit report(s) that you purchased after hearing about the Security

Incident.

**Required: Attach a copy of a receipt or other proof of purchase for each product purchased (you may redact unrelated transactions).**

IV.    Other incidental expenses attributable to the Security Incident.

☐ I attest that the incidental expenses listed below were incurred primarily due to the Security Incident and not for other purposes.

Examples of incidental expenses include: payments for credit freezes, unreimbursed overdraft fees, unreimbursed charges related to unavailability of funds, unreimbursed late fees, long distance telephone charges; cell phone minutes (if charged by minute), Internet usage charges (if charged by the minute) and text messages (if charged by the message).

| Description of the Incidental Expense | Date of Loss | Amount | Type of Supporting Documentation |
|---|---|---|---|
| Examples:<br><br>Unreimbursed overdraft fees | 4/13/17 | $30.00 | Copy of bank or credit card statement |
| Cell phone minutes (if charged by the minute) | 5/01/17 | $5.00 | Copy of bill from mobile phone company |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTAL** | | | |

**List additional incidental expenses on a separate sheet and submit with this Claim Form.**
You may redact unrelated transactions from supporting documentation.

**Claim B: Fraud Loss Reimbursement Claim**

To obtain reimbursement under this category, you must attest to the following:

☐ I incurred out-of-pocket expenses (other than self-purchase expenses provided in Claim A, above) from actual identify fraud and/or identify theft that occurred as a result of the Security Incident between April 1, 2014 and <mark>**Month Day, 2019**</mark> (the Claims Deadline), **AND** I affirm that I have no knowledge of any other incidents of financial fraud identity theft due to causes other than the Security Incident, **AND** I affirm that I have documentation of my out-of-pocket expenses as a result of the Security Incident, and have submitted such documentation with this Claim Form; **AND** I affirm that none of the claimed out-of-pocket expenses have already been reimbursed by another source.

**Failure to affirm or provide appropriate documentation will result in a delay in processing and may result in the denial of your claim.**

For each out-of-pocket expense (other than self-purchase expenses provided in Claim A, above) from actual identify fraud and/or identify theft that occurred as a result of the Security Incident, please provide a description of the identify fraud and/or identify theft, the expense, the date of loss, the dollar amount of the loss, and type of supporting documentation you will be submitting to support the loss. **You must provide ALL of this information for this claim to be processed.**

**Provide a description of the identify fraud and/or identify theft, including the date on which it occurred:**

_____
_____
_____

| Description of the Out-of-Pocket Expense | Date of Loss | Amount | Type of Supporting Documentation |
|---|---|---|---|
| Examples:<br><br>Unauthorized credit account opened at Best Buy.  Held responsible for $300 of charges. | 4/13/17 | $300 | Copy of invoice/billing statement and correspondence with Best Buy. |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTAL** | | | |

**List additional out-of-pocket expenses on a separate sheet and submit with this Claim Form**.

**Failure to affirm or provide appropriate documentation will result in a delay in processing and may result in the denial of your claim.**

3. **Certification**

I understand that my claim and the information provided above will be subject to verification.

By submitting this Claim Form, I declare under penalty of perjury under the law of the United States of America that the information provided in this Claim Form is true and correct and that this form was executed on the date set forth below. I further certify that any documentation that I have submitted in support of my claim consists of unaltered documents in my possession.

Please include your name in both the Claimant Signature and Printed Name fields below.

Claimant Signature: _____ Date: ___ ___ / ___ ___ / ___ ___

Printed Name: _____

**THIS CLAIM FORM MUST BE SUBMITTED OR POSTMARKED BY MONTH DAY, 2019, IN ORDER TO BE TIMELY AND VALID.**

# Exhibit 4

**Patients who gave their personal information to a CHSPSC-affiliated physician practice or clinic may be eligible for a payment from a class action settlement.**

A Settlement has been reached with Community Health Systems Professional Services Corporation n/k/a CHSPSC, LLC ("CHSPSC") in a class action lawsuit about a data security incident ("the Security Incident") that occurred in April and June, 2014 where CHSPSC's computer system was the target of an external criminal-cyberattack. CHSPSC publicly announced the Security Incident on August 18, 2014. The lawsuit was filed asserting claims against CHSPSC relating to the Security Incident. CHSPSC denies all of the claims and says it did not do anything wrong.

**WHO IS INCLUDED? You received this email because CHSPSC's records show you are a likely member of the Settlement Class.** The Settlement Class includes all residents of the United States who had their Personal Information affected during the cyberattack on CHSPSC's computer network systems that was publicly announced on August 18, 2014.

**SETTLEMENT BENEFITS.** The Settlement provides two types of payments to people who submit valid claims: 1) Reimbursement of up to $250 for out-of-pocket expenses and documented lost time that resulted from the Security Incident; and 2) Reimbursement of up to $5,000 for monetary out-of-pocket losses attributable to actual identity fraud and/or identity theft that occurred as a result of the Security Incident.

**CLAIM FORM.** You must file a Claim Form to receive a payment. You can file a claim online at www.XXXXXXXXXXXXXX.com, download a Claim Form at the website and mail it, or you may call 1-XXX-XXX-XXXX and ask that a Claim Form be mailed to you. The claim deadline is **Month Day, 2019**.

**OTHER OPTIONS.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month Day, 2019**. If you stay in the Settlement, you may object to it by **Month Day, 2019**. The more detailed notice is available to explain how to exclude yourself or object. Please visit the website or call the toll-free number for a copy of the more detailed notice. On **Month Day, 2019**, the Court will hold a hearing on whether to approve the Settlement, Class Counsel's request for attorneys' fees of $900,000 and reasonable costs, and an incentive award of $3,500 for the Representative Plaintiff. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. Detailed information is available at the website and by calling the toll-free number below.

**Questions? Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXXXXX.com**

CTSTSC Settlement Administrator
PO Box XXXX
City, State XXXXX-XXXX

## **Legal Notice about a Class Action Settlement**

<<BARCODE>>

<<NAME LINE 1>>
<<NAME LINE 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

# Exhibit 5

# Patients who gave their personal information to a CHSPSC affiliated physician practice or clinic may be eligible for a payment from a class action settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached with Community Health Systems Professional Services Corporation n/k/a CHSPSC, LLC ("CHSPSC") in a class action lawsuit about a data security incident that occurred in April and June, 2014.

- CHSPSC's computer network system was the target of an external criminal-cyberattack in April and June 2014, which is believed to have been perpetrated by an Advanced Persistent Threat group originating from China (the "Incident" or the "Security Incident"). CHSPSC publicly announced the Security Incident on August 18, 2014, and mailed notice regarding the Incident to affected patients. After an investigation, it was learned that the data taken included personal information for patients of certain CHSPSC affiliated physician practices and clinics, including names, addresses, birthdates, social security numbers, and, in some cases, telephone numbers, and the names of employers and/or guarantors. Subsequently numerous lawsuits were filed asserting claims against CHSPSC relating to the Security Incident, which were consolidated before Chief Judge Karon O. Bowdre of the United States District Court for the Northern District of Alabama.

- The Settlement includes all residents of the United States whose Personal Information was affected during the cyberattack on CHSPSC's computer network systems that was publicly announced on August 18, 2014.

- The Settlement provides payments to people who submit valid claims for out-of-pocket expenses and charges that were incurred and plausibly arose from the Security Incident, and for other unreimbursed monetary losses from fraud or identify theft.

**Your legal rights are affected even if you do nothing. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim** | This is the only way to get a payment. |
| **Ask to be Excluded** | Get no payment. This is the only option that allows you to bring your own lawsuit against CHSPSC or any of its affiliated entities over the claims resolved by this Settlement. |
| **Object** | Write to the Court about why you do not like the Settlement. |
| **Do Nothing** | Get no payment. Give up rights to submit a claim or bring another lawsuit against CHSPSC or any of its affiliated entities over the Security Incident. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to grant final approval of the Settlement. Payments will only be made after the Court grants final approval of the Settlement and after any appeals are resolved.

**Questions? Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXX.com**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**................................................................................. **Page 3**
1.  Why was this Notice issued?
2.  What is this lawsuit about?
3.  Why is this lawsuit a class action?
4.  Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?** ................................................................. **Page 3**
5.  How do I know if I am included in the Settlement?
6.  What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**..................................................................... **Page 4**
7.  What does the Settlement provide?
8.  What payments are available for Response Expense Reimbursement?
9.  What payments are available for Fraud Loss Expense Reimbursement?

**HOW TO GET BENEFITS**.............................................................................. **Page 5**
10. How do I get benefits?
11. How will claims be decided?

**REMAINING IN THE SETTLEMENT**.............................................................. **Page 5**
12. Do I need to do anything to remain in the Settlement?
13. What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**..................................... **Page 6**
14. If I exclude myself, can I get a payment from this Settlement?
15. If I do not exclude myself, can I sue CHSPSC for the same thing later?
16. How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** ........................................................ **Page 6**
17. Do I have a lawyer in this case?
18. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ............................................................ **Page 7**
19. How do I tell the Court that I do not like the Settlement?
20. What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING**............................................................ **Page 8**
21. When and where will the Court decide whether to approve the Settlement?
22. Do I have to attend the hearing?
23. May I speak at the hearing?

**IF YOU DO NOTHING** .................................................................................. **Page 9**
24. What happens if I do nothing?

**GETTING MORE INFORMATION** .................................................................. **Page 9**
25. How do I get more information?

# BASIC INFORMATION

### 1.  Why was this Notice issued?

The Court authorized this notice because you have a right to know about the proposed Settlement in this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement. This notice explains the legal rights and options that you may exercise before the Court decides whether to approve the Settlement.

Chief Judge Karen O. Bowdre of the United States District Court for the Northern District of Alabama is overseeing this case. The case is known as *In re: Community Health Systems, Inc. Customer Data Security Breach Litigation*, Case No. 15-cv-222. The people who sued are called the Plaintiffs. CHSPSC is called the Defendant.

### 2.  What is this lawsuit about?

The lawsuit claims that CHSPSC was responsible for the Security Incident that occurred in April and June 2014 and asserts claims such as: breach of contract, breach of implied contract, unjust enrichment, negligence, negligence per se, bailment, wantonness, and claims under various state consumer protection and data breach notification laws, and also federal statutory claims for violation of the Fair Credit Reporting Act. The lawsuit seeks compensation for people who allegedly had losses as a result of the Security Incident.

CHSPSC denies all of the Plaintiffs' claims and says it did not do anything wrong.

### 3.  Why is this lawsuit a class action?

In a class action, one or more people called "Representative Plaintiffs" sue on behalf of all people who have similar claims. All of these people together are the "Class" or "Class Members." In this case, the Representative Plaintiff is William Lutz. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4.  Why is there a Settlement?

By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will get compensation. The Class Representative and his attorneys believe the Settlement is fair, reasonable, and adequate and, thus, best for the Class and its members.

# WHO IS IN THE SETTLEMENT?

### 5.  How do I know if I am included in the Settlement?

You are included in the Settlement Class if you reside in the United States and your Personal Information was affected during the cyberattack on CHSPSC's computer network systems that was publicly announced on August 18, 2014.

The Settlement defines "Personal Information" as information that is or could be used, whether on its own or in combination with other information, to identify, locate or contact a person, including

without limitation names, addresses, birthdates, social security numbers, telephone numbers, and the names of employers and/or guarantors.

| **6.   What if I am not sure whether I am included in the Settlement?** |
| --- |

If you are not sure whether you are included in the Settlement, you may call 1-XXX-XXX-XXXX with questions or visit www.XXXXXXXXXXXXXXXXXXX.com. You may also write with questions to CHSPSC Settlement Administrator, PO Box XXXX, City, State XXXXX-XXXX.

# THE SETTLEMENT BENEFITS

| **7.   What does the Settlement provide?** |
| --- |

The Settlement will provide payments to people who submit valid claims.

There are two types of payments that are available: (1) Response Expense Reimbursement (see Question 8) and (2) Fraud Loss Reimbursement (see Question 9). You may submit a claim for either or both types of payments. In order to claim either type of payment, you must provide related documentation with the Claim Form.  The Claim Form includes examples of types of expenses you may have incurred and how to document them.

| **8.   What payments are available for Response Expense Reimbursement?** |
| --- |

If you are a Class Member, you are eligible to receive reimbursement of up to $250 (in total) for the following categories of out-of-pocket expenses resulting from the Security Incident:

- The costs of credit monitoring and identity theft protection services purchased by you between August 18, 2014 and **Month Day, 2019** (the Claims Deadline), with a statement by you that the monitoring or service was purchased primarily because of the Security Incident and not for other purposes, and with proof of purchase;

- Up to five hours of documented lost time spent dealing with the Security Incident or identity fraud allegedly resulting from the Security Incident calculated at the rate of $15.00 per hour, but only if at least one full hour was spent, and only if the time can be documented with reasonable specificity by answering the questions on the Claim Form;

- The costs of credit report(s) purchased by you between August 18, 2014 and **Month Day, 2019** (the Claims Deadline), with a statement by you that the credit report(s) was purchased primarily because of the Security Incident; and

- Other incidental expenses attributable to the Security Incident, including, by way of example, payments for credit freezes, unreimbursed overdraft fees, unreimbursed charges related to unavailability of funds, unreimbursed late fees, long distance telephone charges, cell phone minutes (if charged by minute), Internet usage charges (if charged by the minute), and text messages (if charged by the message), where there is a statement by you that these incidental expenses were primarily incurred because of the Security Incident.

| **9.   What payments are available for Fraud Loss Expense Reimbursement?** |
| --- |

Class Members who had monetary out-of-pocket losses attributable to actual identity fraud and/or identity theft that allegedly occurred as a result of the Security Incident are eligible to make a claim for reimbursement of up to $5,000. As part of the claim, the Class Member must show that: (1) it

is an actual, documented, and unreimbursed monetary loss; (2) the loss was more likely than not caused by the Security Incident; (3) the loss occurred during the time period from August 18, 2014 through **Month Day 2019**; (4) the loss is not already covered by one or more of the categories in Question 8; and (5) a reasonable effort was made to avoid or seek reimbursement for the loss (including exhaustion of all available credit monitoring insurance and identity theft insurance).

More details are provided in the Settlement Agreement, which is available at www.XXXXXXXXXXXXXXX.com.

# HOW TO GET BENEFITS

| **10.  How do I get benefits?** |
| --- |

To ask for a payment, you must complete and submit a Claim Form. Claim Forms are available at www.XXXXXXXXXXXXXXXX.com or by calling 1-XXX-XXX-XXXX. Read the instructions carefully, fill out the Claim Form, and submit it online or mail it postmarked no later than **Month Day, 2019** (the Claims Deadline) to:

CHSPSC Settlement Claims
PO Box XXXX
City, State XXXXX-XXXX

| **11.  How will claims be decided?** |
| --- |

The Claims Administrator will initially decide whether the information provided on a Claim Form is complete and valid. The Claims Administrator may require additional information from any claimant, and if so, the claimant will be given 30 days to provide any additional information to document their claim. If the required information is not provided timely, the claim will be considered invalid and will not be paid.

If, after review of a claim and all documentation submitted by the claimant, the Claims Administrator determines that a claim is valid (either in whole or in part) then the claim will be paid up to the amount determined to be valid. If a claim is not valid because the claimant has not provided all information needed to complete the Claim Form and evaluate the claim, then the Settlement Administrator may reject the claim without any further action.

Under the Settlement Agreement, the total amount of claims paid is capped at $3,100,000.00.  At the end of the claim period, if more than $3,100,000.00 in total is claimed by all valid claimants, each Settlement Class Member's cash claim will be reduced on a *pro rata* basis.

See paragraphs 2.3 and 2.4 of the Settlement Agreement for a full description of the Claim Administration process.  The Settlement Agreement is available at www.XXXXXXXXXX.com.

# REMAINING IN THE SETTLEMENT

| **12.  Do I need to do anything to remain in the Settlement?** |
| --- |

You do not have to do anything to remain in the Settlement, but if you want a payment you must submit a Claim Form postmarked by **Month Day, 2019**.

**Questions?  Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXXXXXXXX.com**

5

## 13.  What am I giving up as part of the Settlement?

If the Settlement becomes final, you will give up your right to sue CHSPSC for the claims being resolved by this Settlement. The specific claims you are giving up against CHSPSC are described in Sections 1.17, 1.18, 1.19, and 1.26 of the Settlement Agreement. You will be "releasing" CHSPSC and all related people or entities as described in Section 6.1 of the Settlement Agreement. The Settlement Agreement is available at www.XXXXXXXXXXXXXXX.com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the law firms listed in Question 17 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue CHSPSC about issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

## 14.  If I exclude myself, can I get a payment from this Settlement?

No. If you exclude yourself, you will not be entitled to any benefits of the Settlement, but you will not be bound by any judgment in this case.

## 15.  If I do not exclude myself, can I sue CHSPSC for the same thing later?

No. Unless you exclude yourself, you give up any right to sue CHSPSC for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form to ask for a payment.

## 16.  How do I exclude myself from the Settlement?

To exclude yourself, send a letter that says you want to be excluded from the Settlement in *In Re: Community Health Systems, Inc. Customer Data Security Breach Litigation*, No. 15-cv-222. Include your name, address, and signature. You must mail your Exclusion Request postmarked by Month Day, 2019, to:

CHSPSC Settlement Exclusions
PO Box XXXXX
City, State XXXXX-XXXX

# THE LAWYERS REPRESENTING YOU

## 17.  Do I have a lawyer in this case?

Yes. The Court appointed the following lawyers as "Class Counsel": Karen Hanson Riebel, Lockridge Grindal Nauen P.L.L.P., 100 Washington Ave. S., Suite 2200, Minneapolis, Minnesota, 55401 and Jeffrey E. Friedman, Friedman Dazzio Zulanas & Bowling PC, 3800 Corporate Woods

Drive, Birmingham, AL 35242. You will not be charged for these lawyers. If you want to be represented by your own separate lawyer, you may hire one at your own expense.

| 18.  How will the lawyers be paid? |
|---|

Class Counsel will request the Court's approval of an award for attorneys' fees of $900,000, inclusive of attorneys' fees, reasonable costs and expenses of all cases against CHSPSC that they have pursued over the Security Incident. Class Counsel will also request approval of an incentive award of $5,250 each for the Representative Plaintiffs. Any amount that the Court awards for attorneys' fees, costs, expenses, and an incentive award will be paid separately by CHSPSC and will not reduce the amount of payments to Class Members who submit valid claims.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| 19.  How do I tell the Court that I do not like the Settlement? |
|---|

You can object to the Settlement if you do not like it or some part of it. The Court will consider your views. To do so, you must file a written objection in this case, *In Re: Community Health Systems, Inc. Customer Data Security Breach Litigation*, No. 15-cv-222, with the Clerk of the Court at the address below.

Your objection must state: (i) your full name, address, telephone number, and e-mail address (if any); (ii) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (e.g., copy of settlement notice, copy of original notice of the Security Incident); (iii) a written statement of all grounds for your objection,  (iv) the identity of all counsel representing you, if any; you are not required to have counsel; (v) the identity of all counsel representing you who will appear at the Final Fairness Hearing, if any; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of your objection, if any; you are not required to have witnesses; (vii) a statement confirming whether you intend to personally appear and/or testify at the Final Fairness Hearing, you are not required to appear; (viii) your signature and the signature of your duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); (ix) a list, by case name, court, and docket number, of all other cases in which you (directly or through counsel) have filed an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which your counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which you have been a named plaintiff in any class action or served as a lead plaintiff or class representative.

To be timely, your objection must be **filed** with the Clerk of the Court for the United States District Court for the Northern District of Alabama no later than ==Month Day, 2019==. In addition, you must **mail** a copy of your objection to both Class Counsel and Defense Counsel, so that it is postmarked no later than ==Month Day, 2019==:

| COURT | LEAD CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court | Karen Hanson Riebel<br>Lockridge Grindal Nauen P.L.L.P.<br>100 Washington Ave. S., Suite 2200<br>Minneapolis, MN 55401 | David A. Carney<br>Baker & Hostetler LLP,<br>127 Public Square, Suite 2000<br>Cleveland, OH 44114 |

## 20.  What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you do not exclude yourself from the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the settlement no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement.

## 21.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at __:__ _.m. on **Month Day, 2019**, at the United States District Court for the Northern District of Alabama located at Hugo L. Black United States Courthouse, 1729 5th Ave N., Birmingham, AL 35203. The hearing may be moved to a different date or time without additional written notice, so it is a good idea to monitor www.XXXXXXXXXXXXXXX.com or call 1-XXX-XXX-XXXX for updated information. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for incentive awards for the Representative Plaintiffs. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

## 22.  Do I have to attend the hearing?

No. Class Counsel will present the Settlement Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 19, the Court will consider it.

## 23.  May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must file an objection according to the instructions in Question 19, including all the information required by items (iv), (v), (vi), and (vii). Your Objection must be **filed** with the Clerk of the Court for the United States District Court for the Northern District of Alabama no later than **Month Day, 2019**. In addition, you must **mail** a copy of your objection to both Class Counsel and Defense Counsel listed in Question 19, postmarked no later than **Month Day, 2019**:

**Questions?  Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXXXXXX.com**

# IF YOU DO NOTHING

| 24. What happens if I do nothing? |
| --- |

If you do nothing, you will get no benefits from this Settlement. Unless you exclude yourself, after the Settlement is granted final approval and the judgment becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against CHSPSC about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

| 25. How do I get more information? |
| --- |

This Notice summarizes the proposed Settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement at www.XXXXXXXXXXXXX.com. You may also write with questions to CHSPSC Settlement Administrator, PO Box XXXXX, City, State XXXXX-XXXX. You can also get a Claim Form at the website, or by calling the toll free number, 1-XXX-XXX-XXXX.