

FILED
2018 Dec-19  AM 09:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE:  COMMUNITY HEALTH SYSTEMS, INC., CUSTOMER SECURITY DATA BREACH LITIGATION (MDL 2595) | ) ) ) ) ) ) ) ) ) ) ) ) MASTER FILE NO. 15-CV-222-KOB  This document relates to all cases. |

## ORDER ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

Community Health Systems Professional Services Corporation n/k/a CHSPSC, LLC's computer network system was the target of an external criminal-cyberattack in April and June 2014, by an Advanced Persistent Threat Group originating from China.  This Multi-District Litigation action seeks to certify a class of approximately six million people whose personal information was affected by a data breach in 2014 involving CHSPSC's computer network.  After almost three years of litigation, several rounds of motions to dismiss, and months of negotiations, the parties have reached a Settlement Agreement.

Before the court is the "Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class."  (Doc. 196).  Plaintiffs, individually and on behalf of the proposed settlement class, have entered into a

533615.2

Settlement Agreement with Defendants that resolves all claims against CHSPSC and Community Health Systems, Inc. (collectively "CHS").

The court has reviewed the Motion, its accompanying memorandum and the exhibits, the Settlement Agreement, and the file, and held a telephone hearing to discuss the parties' proposal.  As a result, the court ORDERS the following:

1. Unless otherwise defined in this Order, all capitalized terms shall have the same meaning given to those terms in the Settlement Agreement.

2. The court has jurisdiction over this multidistrict litigation, all actions transferred to, filed in, or otherwise coordinated as part of this multidistrict litigation; Plaintiffs, Defendants, and Settlement Class Members; and any party to any agreement that is a part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3. Upon review of the record, the terms of the proposed Settlement Agreement, its exhibits and attachments, Plaintiffs' motion papers and briefs, and the declarations of counsel, the court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved.

The court preliminarily determines that the Settlement encompassed by the Settlement Agreement is fair, reasonable, adequate, and in the best interests

of the Class; raises no obvious reasons to doubt its fairness; and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and meets due process standards so that Notice of the Settlement should be given.  In making these findings, the court has considered all of the factors set out in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), and concluded that preliminary approval of the proposed Settlement is appropriate.

4. The court therefore GRANTS preliminary approval of the Settlement and all of the terms and conditions contained in the Settlement Agreement.

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

5. Pursuant to Federal Rule of Civil Procedure 23, the court preliminarily certifies, *for settlement purposes only*, the Settlement Class defined as follows:

> All residents of the United States whose Personal Information was affected during the cyberattack on CHSPSC's computer network systems that was publicly announced on August 18, 2014.

6. The court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): the Settlement Class is comprised of approximately six million individuals; questions of law or fact are common to the Settlement Class; the Settlement Class Representative's claims are typical of those of Settlement Class Members; and the Settlement Class

Representative will fairly and adequately protect the interests of the Settlement Class.

7. The court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3): the questions of law or fact common to the Settlement Class predominate over individual questions; class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy; and Defendants have acted or refused to act on grounds that apply generally to the Settlement Class.

8. The court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(e)(2): the class representatives and class counsel have adequately represented the class; the proposal was negotiated at arm's length; the relief provided for the class is adequate; and the proposal treats class members equitably relative to each other.

9. The court hereby appoints William Lutz as Settlement Class Representative.

10. The court hereby appoints Co-Lead Counsel Karen Riebel and Jeff Friedman as Settlement Class Counsel.

## NOTICE & ADMINISTRATION

11. According to the Settlement Agreement, the Parties have designated Epiq as the Claims Administrator and Cameron Azari as the Notice Specialist. The

court hereby approves and appoints the Claims Administrator and Notice Specialist. The Claims Administrator and Notice Specialist shall perform all of the duties of the Claims Administrator and Notice Specialist set forth in the Settlement Agreement.

12. The court finds that the Notice and notice plan set forth in the Settlement Agreement satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances. The Notice and notice plan are reasonably calculated to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Fairness Hearing. The court, therefore, approves the Notice and notice plan and directs the parties and the Claims Administrator and Notice Specialist to provide notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

13. Under the terms of the Settlement Agreement, the Claims Administrator and Notice Specialist shall disseminate the Notice and begin to implement the notice plan on or before January 18, 2019. The Notice dissemination shall be complete no later than February 2, 2019 (45 days after the date of this Preliminary Approval Order).

14. The court also approves the Claim Form, as well as the procedures for claims outlined in the Settlement Agreement. All claims are due no later than August 1, 2019 (180 days after completion of the implementation of the notice plan).

## EXCLUSION and OBJECTIONS

15. Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class may do so individually by mailing a written notice or letter of such intent to the designated Post Office box established by the Claims Administrator postmarked no later than May 18, 2019 (120 calendar days after January 18, 2019).

16. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment, and be prevented from filing a suit against the Defendants for the same Security Incident.

17. Settlement Class Members who wish to object to the Settlement may do so by mailing a written objection to the Clerk of the United States District Court for the Northern District of Alabama, 1729 5th Avenue North, Birmingham, AL 35203, with the case name and number, no later than May 18, 2019 (120 calendar days after January 18, 2019). Any Settlement Class Member wishing to object to

the Settlement Agreement must follow the requirements for the written objection as set out in the Notice.

18.     The written objection must contain the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of settlement notice, copy of original notice of the Security Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection that the objector believes applicable; (iv) the identity of all counsel representing the objector, if any; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing, if any; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection, if any; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation), if any; (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person

or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative.

19. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Notice and Settlement Agreement, shall be deemed to have waived and forfeited any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.

## FINAL FAIRNESS HEARING

20. The court will hold a Final Fairness Hearing on August 13, 2019 at 10:00 a.m. in the 8th Floor Courtroom, Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, AL 35203.

21. At the Final Fairness Hearing, the Court will consider whether (a) the Settlement is fair, reasonable, and adequate; (b) it should finally certify the Settlement Class; (c) it should enter a final judgment approving the Settlement Agreement; (d) it should grant Class Counsel's motion for attorneys' fees and costs; and (e) it should award the Service Payment sought for the Settlement Class Representative.

22.   The court reserves the right to continue the date of the Final Fairness Hearing without further notice to Settlement Class Members.

## DEADLINES, INJUNCTION & TERMINATION

| Event | Date |
|---|---|
| Notice of Class Action Settlement Commenced as per Notice Plan | January 18, 2019 (30 calendar days after this Preliminary Approval Order) |
| Notice of Class Action Settlement Completed as per Notice Plan | February 2, 2019 (45 calendar days after this Preliminary Approval Order) |
| Class Counsel Motion for Attorneys' Fees and Costs | August 6, 2019 (7 calendar days before the Final Fairness Hearing) |
| Motion for Final Approval | August 6, 2019 (7 calendar days before the Final Fairness Hearing) |
| Opt-Out and Objection Deadline | May 18, 2019 (120 calendar days after January 18, 2019) |
| Claims Deadline | August 1, 2019 (180 calendar days after February 2, 2019) |
| Final Fairness Hearing | August 13, 2019, at 10:00 a.m. |

23.   All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are hereby stayed and suspended until further Order of the Court.

24.   All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further Order of the Court.

25.   In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used

533615.2                                                9

in any Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in any Action or other proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any Released Claim or the propriety of certifying any class against Defendants, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Actions or the availability or lack of availability of any defense to the Released Claims.

26. For the reasons discussed above, the court GRANTS Plaintiffs' Motion for Preliminary Approval (doc. 196).

DONE and ORDERED this 19th day of December, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE