# TIN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE:  COMMUNITY HEALTH ) | |
| SYSTEMS, INC., ) | |
| CUSTOMER SECURITY DATA ) | |
| BREACH LITIGATION ) | |
| (MDL 2595) ) | |
| ) | MASTER FILE NO. |
| ) | 15-CV-222-KOB |
| ) | |
| ) | This document relates to all cases. |
| ) | |
| ) | |

## ORDER AND JUDGMENT GRANTING FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT

This matter has come before the court on the Plaintiffs' "Motion for Order and Judgment Granting Final Approval of Class Action Settlement" and memorandum in support of that motion.  (Docs. 212 & 214).

The court first finds that it has jurisdiction over this MDL action. (Docs. 125 & 144).

On December 19, 2018, the court granted the Plaintiffs' unopposed "Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class" and conditionally certified the class for settlement purpose only. (Doc. 202).  The court then held a hearing on August 13, 2019 to consider the fairness, reasonableness, and adequacy of the Settlement.   The court has

533733.7

thoroughly and fairly considered (1) the motion for final approval and its exhibits; (2) the Stipulation and Agreement of Settlement dated December 10, 2018 and as amended orally at the August 13, 2019 hearing to eliminate the $250 and $5,000 monetary caps set out in Section II. Monetary Relief, ¶¶ 2.1 and 2.2 of the Settlement Agreement and the oral objection made at the hearing; (3) the exhibits to the Settlement Agreement; (4) the five documented objections to the Settlement; (5) the entire record in this action; and (6) the applicable law.

For the following reasons and for the reasons as set out in the August 13, 2019 Final Fairness Hearing, the court hereby **ORDERS** the following:

**I.     Class Certification**

A.     Unless otherwise indicated, the terms used in this Order and Judgment are defined in accordance with the definitions of such terms set forth in the Settlement Agreement.

B.     The court preliminarily certified the following Settlement Class in the Preliminary Approval Order:

> All residents of the United States whose Personal Information was affected during the cyberattack on CHSPSC's computer network systems that was publicly announced on August 18, 2014.

C.     The court finds that, for purposes of settlement of this action only, the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 because (1) questions of fact and/or law common to Settlement Class members predominate

over any questions affecting only individual Settlement Class members, and (2) a class action is superior to other available methods for fairly and efficiently adjudicating the dispute. The Parties' ability to resolve this action on terms applicable to all Settlement Class members establishes the predominance of common legal and factual questions for purposes of the Settlement. Moreover, a class action is the superior means of resolving the dispute because individual Settlement Class members have demonstrated no interest in prosecuting separate actions, and the cost of litigation far outweighs any individual recovery available to any Settlement Class member.

      D.      The court, therefore, CERTIFIES **for settlement purposes only** the Settlement Class as defined in Section I(A) of this Order.

**II.**      **Notice**

      A.      The court finds that the Notice Program: (1) satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process; (2) was the best practicable notice under the circumstances; (3) reasonably apprised Settlement Class members of the pendency of the Action and their right to object to the settlement or opt-out of the Settlement Class; and (4) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice. Approximately 90% of the 6,081,189 individuals identified as Settlement Class members received the Initial Postcard Notice of this Settlement Action.

B. The court further finds, pursuant to Fed. R. Civ. P. 23(c)(2)(B), that the Class Notice adequately informed Settlement Class members of their rights with respect to this action.

### III. Final Approval of the Settlement Agreement

A. The court APPROVES the terms of the December 10, 2018 Settlement Agreement and as orally amended at the August 13, 2019 hearing to eliminate the $250 and $5,000 monetary caps set out in Section II. Monetary Relief, ¶¶ 2.1 and 2.2 of the Settlement Agreement. The Settlement as amended is in all respects fair, reasonable, adequate and proper, and in the best interest of the Settlement Class. The court finds no fraud or collusion in arriving at the Settlement.

In reaching this conclusion, the court has considered the factors set forth in Fed. R. Civ. P. 23(e)(2) and finds that (1) the Class Representative and Class Counsel have adequately represented the Class; (2) the Settlement was negotiated at arm's length; (3) the relief provided for the Class is adequate; and (4) the Settlement treats Class Members equitably relative to each other.

B. The court also has considered the five objections to the Settlement Agreement filed in this action (docs. 205, 207, 208, 209, 211) and heard from Paul Spence at the August 13, 2019 hearing regarding his objections to the Settlement Agreement. For the reasons stated on the record at the August 13, 2019 hearing,

the court DENIES the objections and REJECTS the arguments of Objectors in all respects, and finds that they are unpersuasive as to the substance of their complaints.

    C.    The court finds no just reason for delay in entering the Final Order and Judgment Approving Settlement pursuant to Fed. R. Civ. P. 23(e) because (1) delay would not be in the best interests of the Settlement Class members, who will be able to receive Awards shortly after entry of the Final Order and Judgment Approving Settlement; and (2) judicial economy and administration would be served by the efficient resolution of the claims of Settlement Class members by means of the Settlement.

## IV.    Opt-Outs

The Parties have submitted to the court a list of 995 members of the Settlement Class who have timely and validly elected to opt-out of the Settlement Class, or who the Parties agreed have opted out. So, only .016% of the Settlement Class members opted out of this action. The members of the Settlement class who are on that opt-out list are not bound by the Settlement, the provisions of the Settlement Agreement, and this Order and Judgment.

The court attaches that list to this Order and Judgment as Exhibit A; incorporates that list in this ORDER by reference; and **ORDERS the Clerk of Court to SEAL that list.** All other Settlement Class members (as finally certified

by this Order and Judgment) shall be subject to all of the provisions of the Settlement Agreement and this Order and Judgment.

## V. Releases

The court finds that, pursuant to ¶ 6.1 of the Settlement Agreement, each Settlement Class Member who did not timely opt-out of the Settlement shall be deemed to have released and forever discharged each Released Person of and from liability for any and all Released Claims as defined in ¶¶ 1.18 and 1.26 of the Settlement Agreement.

## VI. Dismissal with Prejudice

The court hereby enters a judgment of dismissal of the Complaint in this action with prejudice and without costs (except as specified in this Order), pursuant to Fed. R. Civ. P. 54.

## VII. Attorneys' Fees and Expenses and Incentive Awards

A. The court hereby GRANTS Class Counsel's motion for an award of reasonable attorneys' fees and reimbursement of expenses in the amount of nine hundred thousand dollars ($900,000.00), to be paid by Community Health Systems Professional Services Corporation n/k/a CHSPSC, LLC in accordance with the terms of the Settlement Agreement.  (Doc. 215).

B. The court further grants Class Counsel's motion for an Incentive Award in the amount of three thousand five hundred dollars ($3,500.00), to be paid

to Class Representative William Lutz by Community Health Systems Professional Services Corporation n/k/a CHSPSC, LLC in accordance with terms of the Settlement Agreement. (Doc. 215).

## VIII. Continuing Jurisdiction

Without in any way affecting the finality of this Order and Judgment, the court hereby retains jurisdiction over the Parties to the Settlement, including all Settlement Class members, to construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the Parties.

DONE and ORDERED this 22nd day of August, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE